

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN KINNEY III, | ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 05-1026-T/An |
| RICKY FITZPATRICK, | ) ) | |
| Defendant. | ) ) | |

ORDER DENYING REQUEST TO RECONSIDER

Plaintiff Allen Kinney III, prisoner number 182302, an inmate at the Northpointe Training Center in Burgin, Kentucky, filed this action *pro se* pursuant to 42 U.S.C. § 1983 regarding his previous confinement in the Obion County Detention Center in Union City, Tennessee. On November 30, 2005, the Court issued an order which, *inter alia*, dismissed the case without prejudice pursuant to 42 U.S.C. § 1997e(a) due to plaintiff's failure to demonstrate that he exhausted his administrative remedies. Judgment was entered on December 5, 2005.

On December 15, 2005, plaintiff filed a document titled "Motion to Proceed in Foma [sic] Pauperis." However, the document is not actually a request for pauper status; rather, it is a request for the Court to reconsider the dismissal of his complaint. As it was filed within ten days after the entry of judgment the Court construes the motion as a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e).

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 12-22-05

Rule 59(e) is not intended to allow a party "to relitigate matters already decided by the Court." Windsor v. A Federal Executive Agency, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985). Rather, the purpose of the rule "is to allow a district court to correct its own mistakes." White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). A motion to alter or amend the judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice. Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted); see also Wardle v. Lexington-Fayette Urban County Gov't, 45 Fed. Appx. 505, 510 (6th Cir. Sept. 5, 2002); Keenan v. Bagley, 262 F. Supp. 2d 826, 830 (N.D. Ohio 2003). The granting of the motion is within the sound discretion of the district court. McMahon v. Libbey-Owens-Ford Co., 870 F.2d 1073, 1078 (6th Cir. 1989).

Plaintiff argues that his complaint should not have been dismissed for failure to exhaust his administrative remedies. He asserts that defendant Fitzpatrick "did not allow me to have access to grievance remedy. I did file numberous [sic] of grievance concerning this matter but nothing was done nor did I recieve [sic] any response to my complaints." Attached to the motion is a copy of an "Inmate Information Request Form" plaintiff has dated September 16, 2004. On that form, plaintiff complains that he has been hurting for a while, but that "these people" have been "playing games." He states that "Fitzpatrick and William Sudbury and Steve and Jason Rogers know that they did me wrong" and that he

2

"fell 3 times in Obion County Detention Center." However, the grievance does not complain of, or even describe, any particular action taken by defendant Fitzgerald.

Even if this grievance were deemed sufficiently specific to exhaust plaintiff's claims against defendant Fitzpatrick, there is nothing to demonstrate when, or even if, the grievance was ever submitted to the appropriate prison officials. Furthermore, plaintiff has offered no explanation for his failure to submit this information with his complaint. A prisoner who fails to allege exhaustion adequately in his complaint may not avoid a *sua sponte* dismissal by submitting additional information after the case is dismissed. Cf. Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal).

The Court finds that there is neither a clear error of law, newly discovered evidence, nor an intervening change in the controlling law warranting reconsideration of the order of dismissal. Reconsideration is also not necessary in order to prevent manifest injustice. Therefore, plaintiff's request for reconsideration (titled "Motion to Proceed in Foma [sic] Pauperis") is DENIED.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

19 December 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 1:05-CV-01026 was distributed by fax, mail, or direct printing on December 22, 2005 to the parties listed.

---

Allen Kinney
Northpoint Training Center
#182302
P.O. Box 479
Dorm 6
Burgin, KY 40310

Honorable James Todd
US DISTRICT COURT